"'Under such regulations as may be prescribed by law.'"

The fact that in article 865, supra, the Legislature provided that a judgment in a bond forfeiture proceeding might be revised upon writ of error, except when rendered in justice and corporation courts, in our opinion militates against the conclusion that in article 864, supra, it was intended to confer upon this court direct appellate jurisdiction from the justice court in proceedings for the forfeiture of bail bonds.

In view of the constitutional provisions and statutes to which we have adverted, we are constrained to hold that we are without jurisdiction to entertain the appeal.

The appeal is dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## GALE v. STATE.

### No. 17651.

Court of Criminal Appeals of Texas.

June 12, 1935.

Everette B. Parks and Baskett & DeLee, all of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for aggravated assault, punishment being imprisonment in the county jail for thirty days and a fine of $25.

No statement of facts is found in the record. The only bills of exception are those reserved to the refusal of the court to give certain special charges which were requested by appellant. In the absence of the statement of facts, the propriety or otherwise of such requested charges cannot be appraised.

The judgment is affirmed.